IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMARITAN MINISTRIES INTERNATIONAL, a
religious Illinois non-profit corporation, and eight
of its members, namely Zachary & Rachel Cordel,
Andrew & Heather Heath, Jay & Amy O'Neill,
and Nathan & Rebekah Bienhoff,

      *Plaintiffs*,

             CASE NO: 1:25-cv-01250

  v.

ALICE T. KANE, in her personal capacity and in her
official capacity as the New Mexico
Superintendent of Insurance.

      *Defendant.*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
VERIFIED COMPLAINT FOR DELARATORY, INJUNCTIVE, AND MONETARY
RELIEF IN LIEU OF AN ANSWER**

  **COMES NOW** Defendant, Alice T. Kane, in her personal capacity and in her official capacity as the Superintendent of Insurance for New Mexico, (collectively "Defendant"), by and through the Office of General Counsel, hereby moves for dismissal of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 1-012(b)(6) for the failure to state a claim, and states the following in support of her Motion to Dismiss Plaintiffs' Verified Complaint for Declaratory, Inunctive, and Monetary Relief in Lieu of an Answer.

**CERTIFICATION OF CONFERRAL**

  Pursuant to D.N.M-LR 7.1(a), the undersigned counsel (Stephen P. Thies) certifies that he conferred with the Plaintiffs' counsel regarding the relief requested in this motion which counsel opposes.

BACKGROUND

Plaintiff Samaritan Ministries International ("Samaritan") identifies itself as health care sharing ministry ("HCSM" or "ministry") with New Mexico 918 members as of October 1, 2023. On December 7, 2023, Samaritan and ten of its members filed a Verified Complaint for Declaratory Relief, Injunctive Relief, and Damages ("Initial Complaint") in a peremptory attempt to prevent Defendant from taking any regulatory enforcement action against Samaritan and its named members (*See* 23-cv-001091-MIS-SCY ECF 1).

On June 6, 2024, the Honorable Margaret Strickland, United States District Court, District of New Mexico, entered an Order (*See* 23-cv-001091-MIS-SCY ECF 30) *sua sponte* striking the Initial Complaint pursuant to Federal Rule of Civil Procedure 12(f).  Judge Strickland gave the Plaintiffs an additional 30 days to file an amended complaint that was simply and concisely constructed, embodied short and plain statements of their claims, and conformed to the rules and guidance in the Court's Order.

Plaintiffs complied, and on July 8, 2024, filed an Amended Complaint.  Defendant filed a motion to strike the Amended Complaint. (*See* 23-cv-001091-MIS-SCY ECF 32)   On August 27, 2024, the District Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Strike Plaintiffs' Amended Complaint ("Court's Second Order") (*See* 23-cv-001091-MIS-SCY ECF 48). The Court found that Plaintiffs' Amended Complaint contained descriptive paragraphs and encouraged Plaintiffs to consider only what they deemed sufficient and necessary to support their claims in the Complaint. For these reasons, the Court granted Defendant's Motion to Strike and allowed Appellants the opportunity to file a Second Amended Complaint.

 On September 10, 2024, Plaintiffs filed their Verified Second Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages ("Second Amended Complaint") (*See* 23-cv-

001091-MIS-SCY ECF 50).  In their Second Amended Complaint, Plaintiff pleaded multiple causes of action alleging that unless prohibited from acting any future enforcement action initiated by Defendant would violate their federal and state constitutional rights. Plaintiffs attached over 200 pages of exhibits to the Second Amended Complaint. However, nowhere in Plaintiffs' Second Amended Complaint nor in their exhibits did Plaintiff allege or provide documentation to show that the Defendant had taken any enforcement actions against Samaritan or the Individual Plaintiffs.

Defendant sought dismissal of the Second Amended Complaint on several grounds including dismissal for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  By order dated December 20, 2024, Judge Strickland dismissed the Second Amended Complaint on the basis that Plaintiffs lacked standing.  (*See* 23-cv-001091-MIS-SCY  ECF Doc. 64).  Citing the pre-enforcement standard set forth in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014) (internal quotation marks omitted), Judge Strickland concluded that the Plaintiffs failed to satisfy the second and third elements of the *Susan B. Anthony List* standard.

Plaintiffs had advanced the theory in their Second Amended Complaint that the Office of Superintendent of Insurance ("OSI") had a policy of targeting health care sharing ministries and the Samaritan was under threat of enforcement pursuant to that policy.  Judge Strickland concluded that "the only way for Plaintiffs' theory to succeed is for the Court to craft a nebulous argument that a policy exists by relying upon the same allegations that Plaintiffs used to argue the separate issue of credible threat." (*See* 23-cv-001091-MIS-SCY ECF No. 64 at 9).  As for a credible threat of enforcement, Judge Strickland stated to make such a finding "the Court would need to know the outcome of a state agency adjudication that may or may not happen." (*See* 23-cv-001091-MIS-

3

SCY ECF No. 64 at 9).  Citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013), Judge Strickland went on to conclude that to "[find] that OSI would take any action against Samaritan and the eventual outcome 'require guesswork as to how independent decisionmakers will exercise their judgment[.]'" (*See* 23-cv-001091-MIS-SCY ECF No. 64 at 13).  Additionally, citing *Susan B. Anthony List*, 573 U.S. at 159, Judge Strickland concluded "Plaintiffs have not properly pleaded that a particular result is imminent."  Accordingly, Judge Strickland found "that Plaintiffs have not established a history of past enforcement that warrants pre-enforcement standing in the instant case." (*See* 23-cv-001091-MIS-SCY ECF No. 64 at 13).  Further, Judge Strickland concluded that "[n]one of the alleged facts that Plaintiffs rely upon present a credible threat of enforcement such that the threat of injury rises from merely possible to almost certain.  Therefore, the Court finds that Plaintiffs failed to allege any threatened enforcement that is sufficiently imminent." (citations omitted).

   As for Plaintiffs' claim for prospective relief, Judge Strickland concluded that Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." (*See* 23-cv-001091-MIS-SCY ECF No. 64 at 15).  And with respect to the Individual Plaintiffs' claim for compensatory damages, Judge Strickland concluded that "[a]lthough their rights are not currently burdened and have not been burdened, Plaintiffs fear that those rights will be burdened in the future—thus, it appears Plaintiffs are not seeking retrospective relief at all and are in fact asking for prospective relief based on those fears.  Regardless, as active members of Samaritan exercising their constitutional rights, the Court fails to see how the individual Plaintiffs can make claims for nominal or compensatory damages which are based on past injuries.  Plaintiffs have not articulated or established any past injuries.  Therefore, the Court finds that the individual Plaintiffs failed to allege an actual or imminent injury

4

that would warrant retrospective damages." (Citation omitted). (*See* 23-cv-001091-MIS-SCY ECF No. 64 at 16).

On December 20, 2024, Judge Strickland issued her Final Judgment dismissing Plaintiffs' Second Amended Complaint without prejudice. (*See* 23-cv-001091-MIS-SCY ECF No. 65).

The Plaintiffs appealed Judge Strickland's decision to the Tenth Circuit Court of Appeals. By Order and Judgment filed on October 9, 2025, the Tenth Circuit affirmed Judge Strickland's decision. In doing so, with respect to the second element of the *Susan B. Anthony List* standard, the Tenth Circuit concluded that "the statute Plaintiffs challenge does not facially proscribe any conduct, let alone the conduct they wish to engage in. (24-2187, Doc. 31-1 at 8). As to the third element, the Tenth Circuit concluded that Plaintiffs failed to "show[] that the injury they fear is 'certainly impending' or that 'there is a substantial risk that the harm will occur.'" (24-2187, Doc. 31-1 at 8).

It should be noted that the Plaintiffs modified their argument before the Tenth Circuit. Instead of advancing the argument that the Plaintiffs' conduct is proscribed by statute through OSI policy (*See* 23-cv-001091-MIS-SCY ECF No. 59 at 13-15), the Plaintiffs argued "that the policy they challenge is "OSI's new 'functional' 'interpretive' policy for applying the 'statutory' 'definition' of 'insurance' to HCSMs.'" (Opening Brief at 21). However, as argued in OSI's brief, which the Tenth Circuit acknowledged, "New Mexico's statutory definition of insurance does not proscribe any conduct." Plaintiffs failed to allege any other provision of the insurance code that prescribed their conduct. (24-2187, Doc. 31-1 at 6).

Now, approximately sixty-five days after the Tenth Circuit issued its order affirming Judge Strickland's decision and three-hundred sixty days since Judge Strickland filed her Final Judgment on December 15, 2025, the Plaintiffs filed yet another complaint. Once again, Plaintiffs' complaint

5

is a peremptory attempt to prevent the Defendant from taking any regulatory enforcement action against the Plaintiffs.

## ARGUMENT

Although the Plaintiffs allege past and ongoing harms in their current complaint, which again are either speculative or self-inflicted in nature, the Plaintiffs fail to identify any material change in circumstances that occurred subsequent to December 20, 2024, the date Judge Strickland filed her Order Granting Defendant's Motion to Dismiss, or after October 9, 2025, the date the Tenth Circuit affirmed Judge Strickland's decision, that cure the jurisdictional defect that resulted in the dismissal of their Second Amended Complaint. Accordingly, Plaintiffs' current complaint presents a straightforward application of the settled legal doctrine of issue preclusion, which bars relitigation of an issue of fact or law that has been litigated and resolved in a previous judgment.

Issue preclusion is an affirmative defense. *Taylor v. Sturgell*, 553 U.S. 880, 907, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); *Pelt v. Utah*, 539 F.3d 1271, 1283 (10th Cir. 2008). Under Fed.R.Civ.P. 12(b)(6), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim when the defense appears plainly on the face of the complaint itself. *Miller v. Shell Oil Co.,* 345 F.2d 891,893 (10th Cir. 1965). "The rule contemplates that the court in which [issue preclusion] is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom [issue preclusion] is pleaded had a realistically full and fair opportunity to present the case. *Stigall v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:18-CV-168-CRS, 2018 WL 4775506, * 2 (W.D. Ky. Oct. 3, 2018).

The doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892; *New Hampshire v.*

*Maine,* 532 U.S. 742, 748-749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The doctrine of issue preclusion requires a showing of four elements:

> (1) the issue previously decided is identical with the one presented in the action in question,
> (2) the prior action has been finally adjudicated on the merits,
> (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and
> (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009); *New Mexico Off-Highway Vehicle Alliance v. United States Forest Serv.,* 702 F. App'x 708, 710-711 (10th Cir. 2017).

"Issue preclusion" "is designed to prevent needless relitigation and bring about some finality to litigation." *Moss*, 559 F.3d at 1161. A party's disagreement with a court's ruling in one case "does not mean that it was denied the full and fair opportunity to litigate." *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1521 (10th Cir. 1990) (also holding that the "doctrines of res judicata and collateral estoppels apply equally to issues of fact and rulings of law"). By "'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' [the] doctrine[] [of issue preclusion] protect[s] against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892, (quoting *Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Addressing the four elements of issue preclusion. The first element is whether the previously decided issue is identical with the one presented in the action in question. The prior proceeding involved the issue of standing in a pre-enforcement challenge. The present matter involves that same issue namely whether the Plaintiffs can satisfy the injury-in-fact requirement of standing when they have brought a pre-enforcement challenge alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute,

and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List,* 573 U.S. at 158.  The first element is satisfied.

As for the second element, final adjudication on the merits, it is not necessary for there to have been a final adjudication on the merits in the prior proceedings in order for issue preclusion to apply in the subsequent proceeding. *New Mexico Off-Highway Vehicle All.,* 702 F. App'x at 711.  Once a party has suffered an adverse determination on the issue of standing in a prior proceeding, the doctrine will apply to a relitigation of that issue in a subsequent proceeding. *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.,* 378 F.3d 1132, 1136 (10th Cir. 2004).  The plaintiffs in the prior case suffered an adverse determination when Judge Strickland dismissed Plaintiffs' Second Amended Complaint without prejudice for a lack of standing.  Accordingly, the second element is satisfied.

The third element is also satisfied.  That element requires the party against whom the doctrine is invoked in the subsequent proceeding was a party or in privity with a party in the prior adjudication. Other than two members of the Samaritan program that were plaintiffs in the prior proceedings and who are not plaintiffs in the present matter, all the currently named plaintiffs were parties in the prior proceeding.  The third element is therefore satisfied.

And finally, the fourth element requires a showing that the Plaintiffs had a full and fair opportunity to litigate the issue in the prior action.  "A full and fair opportunity to litigate 'means there is no reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Zhu v. St. Francis Health Ctr.,* 413 F.Supp.2d 1232, 1240 (D.Kan.2006) (quoting *Montana v. United States*, 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

The Plaintiffs had a full and fair opportunity to litigate the issue in the prior proceedings.  After getting an adverse decision at the District Court level, Plaintiffs appealed that decision to the

Tenth Circuit where they once again had the opportunity to adjudicate the standing issue. There were no procedural limitations imposed on the Plaintiffs in the prior proceedings. Given their objective in the prior litigation, it cannot be argued that the Plaintiffs did not have an incentive to fully litigate the issue of standing. A party's disagreement with the court's ruling in the prior case "does not mean that it was denied the full and fair opportunity to litigate." *SIL-FLO, Inc.,* 917 F.2d at 1521. Element four is therefore satisfied.

## CURABLE-DEFECT EXCEPTION

The Tenth Circuit has recognized that in some circumstances a jurisdictional defect can be cured. The "curable-defect exception" to jurisdictional issue preclusion requires a party to show a material change in circumstances that cures the jurisdictional defect and those circumstances occurred subsequent to the original dismissal. *New Mexico Off-Highway Vehicle Alliance*, 702 F. App'x at 711; *Nat'l Ass'n of Home Builders v. E.P.A.,* 786 F.3d 34, 41 (D.C. Cir. 2015). "[T]he change in circumstances that cures the jurisdictional defect must occur subsequent to the prior litigation." *Zerbe v. IMA Fin. Grp., Inc.,* No. 2:24-CV-02026-HLT-GEB, 2024 WL 3677395, *2 (D. Kan. Aug. 6, 2024), *appeal dismissed,* No. 24-3135, 2024 WL 5445328 (10th Cir. Dec. 3, 2024) *(*quoting *Park Lake Res. Ltd. Liab,* 378 F.3d at 1137.

The Plaintiffs' standing argument in the prior proceedings failed to satisfy two of the *Susan B. Anthony List* elements. In the earlier proceedings, Plaintiffs argued before the District Court that their conduct was proscribed by statute through OSI policy. Plaintiffs argued before the Tenth Circuit "that the policy they challenge is "OSI's new 'functional' 'interpretive' policy for applying the 'statutory' 'definition' of 'insurance' to HCSMs.'" The Tenth Circuit rejected that argument concluding that the "New Mexico's statutory definition of insurance does not proscribe any conduct." (24-2187, Doc. 31-1 at 6). Apparently, in an effort to address this shortcoming, the

9

Plaintiffs now cite numerous provisions of the New Mexico Insurance Code alleging that the cited provisions "regulates, proscribes, & punishes HCSMs." Plaintiffs fail to show that any of these now cited provisions were significantly changed after Judge Strickland issued her order on December 20, 2024, to satisfy the "curable-defect exception". For that matter, Plaintiffs fail to show or explain how any of the cited provisions apply to Samaritan or the Individual Plaintiffs. "Absent significant changes in controlling in controlling facts or legal principles [since the first adjudication] or other special circumstances, the prior "resolution of [this] issue[] is conclusive." *Montana*, 440 U.S. at 157-58.

A plaintiff can satisfy the injury-in-fact requirement of standing when they have brought a pre-enforcement challenge by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony,* 573 U.S. at 160. To satisfy the third *Susan B. Anthony* element, Plaintiffs advanced the argument in the prior proceedings and the present matter that they face a credible and imminent threat of future harm due to Defendant's aggressive anti-Health Care Sharing Ministry campaign.

The Tenth Circuit acknowledged the *Susan B. Anthony List* that "[t]he threat of prosecution is generally credible *where a challenged provision on its face proscribes the conduct in which a plaintiff wishes to engage*, and the state has not disavowed any intention of invoking the provision against the plaintiff," *Samaritan Ministries Int'l v. Kane*, No. 24-2187, 2025 WL 2876772, * 3 (10th Cir. Oct. 9, 2025) (citing *Frank v. Lee*, 84 F.4th 1119, 1134 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1349, 218 L. Ed. 2d 424 (2024)) (emphasis added, ellipsis and internal quotation marks omitted in original), but the Court went on to conclude that the "Plaintiffs have not shown that the injury they fear is "certainly impending" or that "there is a substantial risk that the harm will occur"

10

because "the statute Plaintiffs challenge does not facially proscribe any conduct, let alone the conduct they wish to engage in." (24-2187, Doc. 31-1 at 8).

To support their argument that they face a credible and imminent threat of future harm, the Plaintiffs' allege in paragraph 209 of their Complaint that "Defendant has embraced the HCSM position/policy of Mr. Toal."  In paragraph 55-59, Plaintiffs describe the past enforcement actions taken against a number of Health Care Sharing Ministries.  The most recent proceeding referenced was the Consent Order filed on April 17, 2023, involving Sedera Medical Cost Sharing Community. (¶ 55 footnote 9).  In paragraph 205 Plaintiffs allege that "Defendant has run OSI" since June 12, 2023.  What Plaintiffs do not allege or provide any documentation to show that the Defendant has initiated any administrative action against any Health Care Sharing Ministry after the Consent Order involving Sedera Medical Cost Sharing Community was filed on April 17, 2023, or after June 12, 2023, when the Defendant's tenure at OSI began.

As the Supreme Court stated in *Clapper*, "we have repeatedly reiterated that "threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient." 568 U.S. at 409 (citations omitted, emphasis in original.)  "[A]n *increased risk* or *credible threat* of impending harm is plainly different from *certainly impending* harm, and certainly impending harm is what the Constitution and *Clapper* require." *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.,* 45 F. Supp. 3d 14, 28 (D.D.C. 2014) (emphasis in original).  The Tenth Circuit has explained that "[w]hen we have used the adjective concrete, we have meant to convey the usual meaning of the term—real, and not abstract. And while imminence is a 'somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the

11

injury is *certainly* impending." *Doe by & through Doe v. Hunter*, 796 F. App'x 532, 536 (10th Cir. 2019) (citations and internal quotation marks omitted).

Plaintiffs fail to show or allege that any administrative enforcement action has been initiated against any Health Care Sharing Ministry since April 17, 2023, a period of approximately thirty-three months. Nor have the Plaintiffs shown or alleged that Defendant has initiated any administrative enforcement action against any Health Care Sharing Ministry during her tenure at OSI.

The premise for Plaintiffs asserting that they are able to show an injury-in-fact is that there exists a substantial risk of impending harm due to Defendants' "anti- Health Care Sharing Ministry campaign". These subsequent facts certainly undermine Plaintiffs' premise and reveal that their assertion that a credible threat of impending harm is simply not credible.

Plaintiffs fail to show any significant changes in controlling facts or legal principles since the first adjudication to cure the jurisdictional defect. Therefore, the prior resolution of the issue of standing by both Judge Strickland and the Tenth Circuit is conclusive, and Defendant's motion to dismiss should be granted.

                                                Respectfully submitted,
                                                **OFFICE OF THE SUPERINTENDENT OF INSURANCE**

                                                _____
                                                Stephen P. Thies
                                                General Counsel
                                                Office of General Counsel
                                                NM Office of Superintendent of Insurance
                                                PO Box 1689, Santa Fe, NM 87504-1689
                                                505-470-7366
                                                Stephen.Thies@osi.nm.gov

Susan Widner
Staff Counsel
Office of General Counsel
NM Office of Superintendent of Insurance
6200 Uptown Blvd. NE, Ste. 400
Albuquerque, NM 87110
(505) 383-0800
Susan.widner@osi.nm.gov

*Attorneys for Defendants Office of the Superintendent of Insurance and Alice T. Kane, Superintendent of Insurance, in her official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I filed the foregoing through the Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record reflected on the Notice of Electronic Filing to be served by electronic means.

_____
Stephen P. Thies