**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

|  |  |
|---|---|
| SAMARITAN MINISTRIES INTERNATIONAL, a Illinois religious nonprofit corporation, and eight of its members, namely Zachary & Rachel Cordel, Andrew & Heather Heath, Jay & Amy O'Neill, and Nathan & Rebekah Bienhoff, | **No. 1:25-cv-01250-LF-KK** |
| *Plaintiffs*, | |
| v. | |
| ALICE T. KANE, in her personal capacity and in her official capacity as New Mexico Superintendent of Insurance, | **PLAINTIFFS' UNOPPOSED MOTION FOR ORAL ARGUMENT** |
| *Defendant*. | |

With yesterday's filing of Plaintiffs' Sur-Reply (ECF No. 16), the briefing on Defendant's Motion to Dismiss (MTD; ECF No. 6) is now complete. Before the Court rules, however, Plaintiffs believe this case would benefit from oral argument for five reasons.

**(1)** This case is unusually complicated for a typical case at this early MTD stage. The first round of litigation (*SMI-I*) was based on several years of enforcement activity by Defendant's office (OSI), which accounted for much of Plaintiffs' injury and their consequent standing. All that activity created evidence and complication in *SMI-I*, which resulted in extended motions practice, including four decisions by this Court and one by the Tenth Circuit. *SMI v. Kane*, 736 F.Supp.3d 1063 (D.N.M. June 6, 2024) (striking VC), 2024 WL 3950819 (Aug. 27, 2024) (striking FAC), 2024 WL 4680597 (Nov. 5, 2024) (refusing to strike SAC), 760 F.Supp.3d 1267 (Dec. 20, 2024) (dismissing SAC for lack of standing), *aff'd,* 2025 WL 2876772 (10th Cir. Oct. 9, 2025).

**(2)** During *SMI-I*, the analogous *Liberty* case drew two decisions by this Court, a divided decision by the Tenth Circuit, and ongoing interest by the Supreme Court. *Gospel Light (Liberty),*

1

*Amanda Renteria, et al. v. NM OSI*, No. 1:23-CV-00276-MLG-KK, 2023 WL 4546544 (D.N.M. July 14, 2023), *adhered to on recon.,* 2023 WL 6686684 (Oct. 12, 2023), *aff'd*, *Renteria v. NM OSI*, 2025 WL 635754 (10th Cir. Feb. 27, 2025) (2-1 decision for OSI), *pet. for cert. filed*, No. 25-113 (July 28, 2025), *SG brief requested*, 146 S.Ct. 293 (Oct. 14, 2025). Along the way, this Court upheld the standing of the individual Plaintiffs against an MTD, 2023 WL 4546544, and then confirmed their standing against a motion for summary judgment, 2025 WL 2443722 (Aug. 25, 2025). Oral argument could help avoid inconsistencies in this Court's decisions on like issues.

**(3)** At the same time, the Alliance of Health Care Sharing Ministries that represents Liberty and Samaritan has been litigating in Colorado. *Alliance of Health Care Sharing Ministries v. Conway*, 2025 WL 315389 (D.Colo. Jan. 13, 2025) (ruling against AHCSM), *appeal pending*, No. 25-1035 (Nov. 20, 2025) (argued to Matheson, Eid, & Carson, JJ.). Given that Judge Carson of this panel filed a lengthy dissent in *Liberty/Renteria* above, it seems likely that the Tenth Circuit decision in *AHCSM* will be divided as well, in one direction or the other.

**(4)** The above litigation reduces to this. At great expense, distraction, and delay, Samaritan and its New Mexico members are fighting to protect their First Amendment freedoms and, in fact, the very existence of their cherished ministry. Any "'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Mahmoud v. Taylor*, 606 U.S. 522, 569 (2025). Even "any *potential* loss of First Amendment freedoms—*however small*—also establishes irreparable injury." *Pryor v. Sch. Dist. No. 1*, 99 F.4th 1243, 1254 (10th Cir. 2024) (emphasis added). And Defendant's "Restrictions, by their [very] nature, *have* chilled [Plaintiffs'] protected speech and [religious exercise]—again establishing irreparable injury." *Id*. (emphasis retained). *See also Does 1-11 v. Bd. of Regents*, 100 F.4th 1251, 1268-81 (10th Cir. 2024) (thoroughly analyzing the First Amendment harms). Despite all this effort, Plaintiffs have yet to

2

receive any merits review whatsoever. It would be beyond unfair to deny them that without first conducting careful and thorough judicial review of standing in this complex setting.

**(5)** The Supreme Court's trend in protecting religious liberty shows that this case deserves merits review. *See, e.g.*, *Masterpiece Cakeshop v. Colorado C.R. Comm'n*, 584 U.S. 617 (2018) (to treat religious beliefs as insubstantial or insincere is animus); *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022) (religious expression doubly protected by Free Exercise and Free Speech); *303 Creative v. Elenis*, 600 U.S. 570 (2023) (religious expression), *Cath. Charities Bureau v. Wisc. Lab. & Indus. Rev. Comm'n*, 605 U.S. 238 (2025) (religious exercise); *Mahmoud v. Taylor*, 606 U.S. 522 (2025) (religious exercise); *Chiles v. Salazar*, 607 U.S. ___, 2026 WL 872307 (U.S. Mar. 31, 2026) (religious expression); *Mirabelli v. Bonta*, 146 S.Ct. 797, 802-04 (2026) (religious exercise) (6-3 per curiam plus three-justice concurrence) (six justices criticize and summarily reject decision below for "brush[ing] aside" the Court's recent religious freedom precedent).

Wherefore, Plaintiffs respectfully request oral argument on the pending MTD.

Defendant by counsel has stated in writing that she does not oppose this request.

Dated this **10th** day of **April, 2026** and respectfully submitted,

 /s/ *J. Matthew Szymanski*
J. Matthew Szymanski, Bar #23-267
GAMMON & GRANGE, P.C.
1945 Old Gallows Rd., Tysons, VA 22182
JMS@gg-law.com; SJW@gg-law.com
(703) 761-5030; (703) 761-5012

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing was filed and served via the CM/ECF system.

 /s/ *J. Matthew Szymanski*
  Counsel for Plaintiffs

3