**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| SAMARITAN MINISTRIES INTERNATIONAL, a Illinois religious nonprofit corporation, and eight of its members, namely Zachary & Rachel Cordel, Andrew & Heather Heath, Jay & Amy O'Neill, and Nathan & Rebekah Bienhoff, | **No. 1:25-cv-01250-LF-KK** |
| *Plaintiffs*, | **ORAL ARGUMENT REQUESTED ON PENDING MOTION TO DISMISS** |
| v. | |
| ALICE T. KANE, in her personal capacity and in her official capacity as New Mexico Superintendent of Insurance, | |
| *Defendant*. | **SAMARITAN'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Having advised Defendant's counsel of their intent to file this Notice (on which he took no position), Plaintiffs now identify new precedent on credible threat. With emphases added:

"*Chiles v. Salazar*, [146 S.Ct. 1010 (2026)] found a credible threat … based *solely* on the fact that the state 'expressly declined to disavow enforcement[.]'" *Right to Life v. Nessel*, 2026 WL 2117175, *17 (W.D.Mich. 7/10/26); *Minnesota Voters All. v. Ellison*, ___ F.4th ___, 2026 WL 2443854, at *3 (8th Cir. 8/20/26) ("***MVA***") (similar); *Arizona All. for Retired Americans v. Mayes*, ___ F.4th ___ , 2026 WL 2277101, at *9-11 (9th Cir. 8/7/26) (en banc) ("'*failure* to disavow enforcement is *sufficient*'"; and *despite* the disavowal here, (a) the law "remains on the books," (b) "no state court has construed it as inapplicable," (c) the AG "has not formally stipulated [it was] unenforceable in any way," nor (d) was there "even a nonbinding opinion narrowing [its] arguable scope."); *Iowans for Alternatives v. Mosiman*, 183 F.4th 1040, 1049 (8th Cir. 7/30/26) (similar); *Mayday Health v. Rhoden*, 2026 WL 2070966, *8 (D.S.D. 7/17/26) (similar).

*MVA* found standing where a "*counterclaim on its own* [was] enough to credibly threaten

[plaintiff's] constitutional interest." *Id.* at *3. There, plaintiffs' members had not even "gone as far as self-censoring," yet their "trepidation" was reasonable (a) because of the "view among some government officials that the statute covers" their activity, and (b) because, since the State "itself has argued throughout [that] the First Amendment does not protect what the Alliance has *already* [done] … a prosecution could be just around the corner." *Id.* (emphasis *retained*).

**(3)** *Pino v. Oliver*, ___ F.4th ___, 2026 WL 2318219 (10th Cir. 8/11/26) ("*Pino*") found standing largely because (a) "Defendant has not agreed to withdraw the referral for enforcement … *let alone disavow* issuance of new referrals if Plaintiff were to make similar expenditures," which help "demonstrate Plaintiff's *continued personal stake* in this controversy." *Id.* at *4; *id.* at *7 ("Defendant's suggestion that she *might withhold her prosecutorial discretion* in [certain events] cannot otherwise limit the CRA's plain reach.").

Dated this **14th** day of **September**, **2026** and respectfully submitted,

*/s/ J. Matthew Szymanski*
J. Matthew Szymanski, Bar #23-267
GAMMON & GRANGE, P.C.
1945 Old Gallows Rd., Tysons, VA 22182
JMS@gg-law.com; SJW@gg-law.com
(703) 761-5030; (703) 761-5012

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, a true and correct copy of the foregoing was served via the CM/ECF system, and that it contains 344 words of text (including footnotes), in compliance with Local Rule 7.8.

*/s/ J. Matthew Szymanski*
Counsel for Plaintiffs